# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LOUBOV MATALA-DE-MAZZA, individually and on behalf of all other persons similarly situated who were employed by SPECIAL TOUCH HOME CARE SERVICES, INC., and STEVEN OSTROVSKY,

Plaintiffs,

v.

SPECIAL TOUCH HOME CARE SERVICES, INC., and STEVEN OSTROVSKY,

Defendants.

Index No.:

Plaintiffs designate New York County as the place of trial.

**SUMMONS**

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to submit to the attorneys of plaintiff and the putative class your answering papers to the Complaint in this action within 30 days after service of this summons. In case of your failure to submit answering papers, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: January 8, 2016
New York, New York

        s/ LaDonna Lusher
LaDonna Lusher, Esq.
Milana Dostanitch, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad St, 7th Floor
New York, New York 10004
(212) 943-9080
llusher@vandallp.com

*Attorneys for Plaintiff and Putative Class*

TO:   SPECIAL TOUCH HOME CARE SERVICES, INC
Saul Kamelhar
39-01 Main St.
Queens, New York, 11354

Steven Ostrovsky
2091 Coney Island Avenue
Brooklyn, New York, 11223

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| LOUBOV MATALA-DE-MAZZA, individually and on behalf of all other persons similarly situated who were employed by SPECIAL TOUCH HOME CARE SERVICES, INC., and STEVEN OSTROVSKY,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIAL TOUCH HOME CARE SERVICES, INC., and STEVEN OSTROVSKY,<br><br>Defendants. | Index No.:<br><br>**COMPLAINT**<br><br>Jury Trial Requested |

Plaintiff LOUBOV MATALA-DE-MAZZA ("Named Plaintiff"), on behalf of the putative class, by her attorneys Virginia & Ambinder, LLP, alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1.  This action is brought on behalf of the Named Plaintiff and a putative class of individuals (collectively "Plaintiffs") who are presently or were formerly employed by SPECIAL TOUCH HOME CARE SERVICES, INC. ("Special Touch") and STEVEN OSTROVSKY ("Ostrovsky") (hereinafter collectively as "Defendants") to provide personal care, assistance, health-related tasks and other home care services to Defendants' clients within the State of New York.

2.  Plaintiffs seek to recover wages and benefits which Plaintiffs were statutorily and contractually entitled to receive pursuant to New York Labor Law § 190 *et seq.*, New York Labor Law § 663, New York Labor Law § 651 *et seq.*, New York Labor Law § 650 *et seq.*, 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 142-2.1, 142-2.2, 142-2.4, 142-2.14 and 142-2.6, and New York Public Health Law § 3614-c.

3.  Beginning in December 2009 and, upon information and belief, continuing

through the present, Defendants have maintained a policy and practice of requiring Plaintiffs to regularly work in excess of eight hours per day, without providing the proper hourly compensation for all hours worked, overtime compensation for all hours worked in excess of forty hours in any given week, and spread of hours wages compensation.

4. Under the direction of Defendants' corporate principal and shareholder Steven Ostrovsky, Defendants instituted this practice of depriving Plaintiffs of statutory compensation for all hours worked in excess of 40 hours per week, depriving their employees of proper hourly compensation for all hours worked, and spread of hours compensation, as mandated by state law.

5. Named Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees who performed work within the State of New York, all minimum wages compensation, overtime compensation, "spread of hours" compensation, reimbursement for business expenses borne for the benefit and convenience of the Defendants, as well as damages arising from Defendants' breach of contract, which they were deprived of, plus interest, attorneys' fees, and costs.

## THE PARTIES

6. Named Plaintiff is an individual who is currently a resident of the State of New York.

7. Special Touch is a business corporation incorporated under the laws of the State of New York, with its principal locations at 2091 Coney Island Avenue, Brooklyn, New York, 11223. Special Touch is primarily engaged in providing nursing and home health aide services at the residences of its clients.

8. Defendant Ostrovsky is the owner and executive director of Special Touch, and was at all relevant times an "employer" within the meaning of the New York Labor Law in that

he had the power to hire and fire employees, he supervised and controlled the conditions of employment, and he determined rates and methods of wage payment.

9. At all relevant times, Defendants employed Plaintiffs as defined by New York State Labor Law §§ 651(5) and (6) and applicable regulations, 12 NYCRR § 142-2.14.

## CLASS ALLEGATIONS

10. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

11. This action is brought on behalf of the Named Plaintiff and a class consisting of each and every person employed by Defendants to provide personal care, assistance, health-related tasks and other home care services to Defendants' clients within the State of New York during the period from December 2009 up to the present (the "class").

12. The putative class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiffs, and calculation of such number would require facts in the sole control of Defendants, upon information and belief the size of the putative class is believed to be in excess of 500 individuals. In addition, the names of all potential members of the putative class are not known.

13. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether the Defendants failed to pay the minimum wage for all hours worked; (2) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week; and (3) whether the Defendants failed to pay spread of hours compensation.

14. The claims of the Named Plaintiff are typical to the claims of the class, because

they are all current or former home health care employees of Defendants who sustained damages, including underpayment of wages as a result of Defendants' common compensation policies and practices. The defenses that Defendants are likely to assert against the Named Plaintiff's claims are typical of the defenses that Defendants are likely to assert against the class.

15. The Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

16. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

17. Named Plaintiff was at all relevant times a home health care attendant employed in New York by Defendants to provide personal home health care and assistance to Defendants' clients in their homes.

18. Named Plaintiff worked for Defendants as a home attendant from approximately 1997 through the present.

19. While employed by Defendants, Named Plaintiff provided services to elderly and disabled clients, including but were not limited to, personal care services, such as assistance with dressing, bathing and personal grooming, cooking and feeding, changing diapers, cleaning, such as mopping, cleaning bathrooms, doing laundry and taking out garbage, making appointments, escorting clients to the doctor, and making transportation arrangements.

20. Named Plaintiff maintained her own residence, and did not "live in" the homes of Defendants' clients or in the home of her employer, nor was she an "exempt companion" of the Defendants' clients.

21. While employed by Defendants, Named Plaintiff generally worked more than 40 hours per week. She generally worked a total of approximately 60 to 68 hours per week with the exception of the time period occurring from approximately October 2013 through approximately August 2014 when she generally worked an average of 20 hours per week.

22. Named Plaintiff often worked 24-hour shifts for Defendants during her employment.

23. When Named Plaintiff worked 24-hour shifts, she was required to stay overnight at the residences of Defendants' clients, and needed to be ready and available to provide assistance to Defendants' clients as needed.

24. Named Plaintiff was only paid for approximately 12 hours of her 24-hours shifts. Named Plaintiff was not paid any hourly rate for the other 12 hours worked.

25. Named Plaintiff was generally not permitted to leave the client's residence during her shift.

26. Because Defendants' clients were often elderly and/or suffering from dementia, the Named Plaintiff did not get an opportunity to sleep for eight hours without any interruption.

27. Named Plaintiff did not get a one-hour break for each of three meals per day. Named Plaintiff was often forced to combine her meal times with the meal times of the Defendants' clients because they needed feeding assistance or constant supervision.

28. Named Plaintiff also worked 10 to 12 hour shifts for Defendants. Named Plaintiff did not receive the "spread of hours" premium of one additional hour at the minimum wage rate

for the days in which she worked ten or more hours.

29. From approximately 2009 through 2012, Named Plaintiff was paid approximately $8.25 per hour. Starting in 2013 Named Plaintiff was paid approximately $9.00 per hour. Sometime in 2013 Named Plaintiff started to receive $9.25 per hour. From approximately 2014 until the present Named Plaintiff has been paid approximately $10.00 per hour. Named Plaintiff, however, was not paid for every hour that she worked.

30. Named Plaintiff's co-workers performed the same and/or similar work to that of the Named Plaintiff.

31. Similarly to Named Plaintiff, the putative class members did not "live in" the homes of Defendants' clients, nor were they "exempt companions."

32. Like Named Plaintiff, the putative class members generally worked more than 40 hours per week, but were not paid for every hour that they worked.

33. Like Named Plaintiff, the putative class members were only paid for approximately 12 hours of their 24-hours shifts, and were not paid any hourly rate for the other 12 hours worked.

34. At all relevant times, Defendants have maintained a practice and policy of paying Plaintiffs for approximately 12 hours of their 24-hour shifts in violation of New York Labor Law.

35. At all relevant times, Defendants have maintained a practice and policy of assigning Plaintiffs to work more than 40 hours per week without paying them one and one half times the basic minimum hourly rate for all hours worked in excess of forty per week, in violation of New York State Labor Law.

36. Defendants required Named Plaintiff, and continue to require members of the

class, to attend home health training sessions. These training sessions each last approximately eight hours.

37. Upon information and belief, Defendants generally paid Plaintiffs approximately $21.75 to $43.50 for the time spent in each these mandatory training sessions.

38. Plaintiffs did not receive the "spread of hours" premium of one additional hour at the minimum wage rate for the days in which they worked ten or more hours.

39. Named Plaintiff and putative class members are "Home Care Aides" within the meaning of NY Public Health Law § 3614-c.

40. Defendant Special Touch is a "certified home health agency," "long term home health care program," "managed care plan" and/or "licensed home care services agency" that furnishes "home care aide" within the meaning of NY Public Health Law § 3614-c.

41. Upon information and belief, Defendants entered into contract(s) with government agencies which called for Defendants to pay Plaintiffs prevailing rates of wages and benefits as required by NY Public Health Law § 3614-c.

42. Upon information and belief, the schedule of prevailing rates of wages and benefits to be paid all workers furnishing labor pursuant to the contracts was included in and formed a part of the contract(s).

43. Beginning in or about 2009, Plaintiffs furnished labor to Defendants in furtherance of Defendants' performance of the contract(s). Nevertheless, Defendants willfully paid Plaintiffs less than the prevailing rates of wages and benefits to which Plaintiffs were entitled.

44. The agreement to pay Plaintiffs the prevailing rates of wages and benefits as required by NY Public Health Law § 3614-c was made for the benefit of Plaintiffs.

45. Pursuant to NY Public Health Law § 3614-c, governmental agencies "must obtain a written certification from the licensed home care services agency or other third party, on forms prepared by the department in consultation with the department of labor, which attests to the licensed home care services agency's or other third party's compliance with the terms of this section. Such certifications shall also obligate the certified home health agency, long term home health care program . . . to obtain . . . on no less than a quarterly basis, all information from the licensed home care services agency or other third parties necessary to verify compliance with the terms of this section. Such certifications and the information exchanged pursuant to them shall be retained by all certified home health agencies, long term home health care programs, or managed care plans, and all licensed home care services agencies, or other third parties for a period of no less than ten years, and made available to the department upon request."

46. Upon information and belief, Defendants made the required certifications concerning compliance with the wage provisions of NY Public Health Law § 3614-c.

47. Defendants' actions as described herein were intentional and not made in good faith.

48. At all times relevant to this action, Defendant Ostrovsky was an officer, president, owner and/or shareholder of Defendant Special Touch, and dominated the day-to-day operating decisions and made major personnel decisions for Special Touch. Plaintiffs performed labor for the benefit of and at the direction of Defendant Ostrovsky.

49. Upon information and belief, Defendant Ostrovsky was the principal executive and/or chief executive of Defendant Special Touch and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of

employment; (iii) determined the rate and method of payment for employees; and (iv) generated and maintained employment records.

## FIRST CAUSE OF ACTION
## NEW YORK LABOR LAW MINIMUM WAGE

50. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

51. Title 12 NYCRR § 142-2.1 states that, "(a) [t]he basic minimum hourly rate shall be: (1) $7.15 per hour on and after January 1, 2007; (2) $7.25 per hour on and after July 24, 2009; (3) $8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014 . . . ."

52. NYLL § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

53. At all relevant times to this action, Plaintiffs were Defendants' employees within the meaning of New York Labor Law §§ 190(2) and 651(5) and 12 NYCRR § 142-2.14.

54. At all relevant times to this action, Defendants were the employer of the Plaintiffs within the meaning of New York Labor Laws § 190(3) and 651(6).

55. At all relevant times to this action, Defendants failed to pay Plaintiffs the statutory minimum wage for all hours worked in violation of New York Labor Law § 652 and 12 NYCRR § 142-2.1.

56. Defendants also failed to pay Plaintiffs their regular hourly wage for the time spent in mandatory training sessions. To the extent the time spent at these training sessions caused Plaintiffs to work more than 40 hours in one week, Plaintiffs are required to be compensated at one and one-half times the minimum wage rate.

57. Defendants willfully violated the rights of Plaintiffs by failing to pay them wages due and owing for work performed in violation of New York State Labor Law.

58. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, in an amount to be determined at trial, plus interest, attorneys' fees and costs pursuant to New York Labor Law §§ 190 *et seq.*, and §§ 650 *et seq.*

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW OVERTIME

59. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

60. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

61. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

62. Upon information and belief, Plaintiffs worked more than forty hours a week while working for Defendants.

63. At all relevant times to this action, Defendants failed to pay Plaintiffs one and one half times their hourly rate for all hours worked in excess of forty per work week, in violation of New York Labor Law§§ 650 *et seq.* and 12 NYCRR § 142-2.2.

64. Defendants' failure to pay wages and overtime compensation to Plaintiffs for work performed after the first forty hours worked in a week was willful.

65. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs and other members of the putative class in

an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW "SPREAD OF HOURS"

66. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

67. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours[.]"

68. Upon information and belief, Defendants required that Plaintiffs typically work more than ten hours in a day.

69. At all times relevant to this action, Defendants failed to pay Plaintiffs the "spread of hours" premium required by 12 NYCRR § 142-2.4.

70. Defendants' failure to pay spread of hours compensation for work performed by Plaintiffs after 10 hours in day was willful.

71. By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION
### FAILURE TO PAY WAGES

72. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

73. Pursuant to the Article Six of the New York Labor Law, workers, such as the Plaintiffs are protected from wage underpayments and improper employment practices.

74. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after

the end of the week in which the wages are earned."

75. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and the putative class members, that is not otherwise authorized by law or by the employee.

76. Defendants have failed to pay Plaintiffs all wages due, including minimum wages and overtime wages, as well as wages under the NY Home Care Worker Wage Parity Act, for the hours they each worked for Defendants.

77. By withholding wages and overtime payments for time worked after forty hours in one week from Plaintiffs, pursuant to New York Labor Law § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiffs.

78. Defendants' failure to comply with the NYLL caused Plaintiffs to suffer loss of wages and interest thereon.

79. Defendants' failure to comply with the NYLL was willful.

80. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**BREACH OF CONTRACT**

81. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

82. Upon information and belief, Defendants entered into contract(s) with government agencies that required Defendants to pay Plaintiffs wages as required by NY Public Health Law § 3614-c.

83. Upon information and belief, the schedule of prevailing rates of wages and

benefits to be paid all workers furnishing labor pursuant to the contracts was included in and formed a part of the contract(s).

84. Beginning in or about 2009, Plaintiffs furnished labor to Defendants in furtherance of Defendants' performance of the contract(s).

85. Defendants willfully paid Plaintiffs less than the prevailing rates of wages and benefits to which Plaintiffs were entitled and breached their obligation to pay Plaintiffs all wages they were due as required by NY Public Health Law § 3614-c.

86. Upon information and belief, at all times relevant to this complaint, Defendants were required to certify and did certify that they paid Plaintiffs wages as required by NY Public Health Law § 3614-c.

87. Plaintiffs, as third party beneficiaries of Defendants' contract(s) with government agencies to pay wages as required by the NY Health Care Worker Wage Parity Act, are entitled to relief for the breach of this contractual obligation, plus interest.

**WHEREFORE**, the Named Plaintiff and members of the putative class demand judgment:

(1) on the first cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(2) on the second cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(3) on the third cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(4) on the fourth cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs;

  (5)  on the fifth cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs;

  (6)  together with such other and further relief the Court may deem appropriate.

Dated: New York, New York
   January 8, 2016

               By:  ___s/LaDonna M. Lusher_____
                   LaDonna M. Lusher, Esq.
                   Milana Dostanitch, Esq.
                   VIRGINIA & AMBINDER, LLP
                   40 Broad Street, Seventh Floor
                   New York, New York 10004
                   Tel: (212) 943-9080
                   Fax: (212) 943-9082
                   llusher@vandallp.com

               *Attorneys for the Plaintiff and the Putative Class*